UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARRIE L. STAGE,

                Plaintiff,

       v.                               Case No. 20-C-65

RYAN D. KRUEGER,

                Defendant.

## ORDER REMANDING CASE TO STATE COURT

On January 15, 2020, Defendant Ryan D. Krueger filed a notice seeking to remove to federal court a paternity action currently pending in the Circuit Court for Oconto County. The Oconto County action was commenced on June 26, 2019, and it appears Krueger was served with a summons and the petition no later than July 24, 2019. The case was recently reassigned to Brown County Circuit Judge Beau Liegeois, and he has scheduled the matter for a status conference to be held on January 17, 2020. In his notice of removal, Krueger states that Plaintiff Carrie Stage, the mother of the children, filed a Notice of Hearing against Defendant on December 19, 2019, and he was served with the Notice on December 21, 2019. Because he filed his notice of removal within 30 days of the Notice of Hearing, Krueger argues his notice is timely. He is wrong.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.

§ 1446(b). This case was commenced on June 26, 2019, and Krueger was served with the initial summons no later than July 24, 2019. His notice of removal is therefore untimely. Krueger claims that his notice is timely because the previous process, pleadings, or orders entered in the case were moot, invalid, or void because of his previous federal lawsuits. This assertion is entirely conclusory and unsupported by the record. But even if the notice were not untimely, the case would have to be remanded because there is no claim over which this court has jurisdiction. *See Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (no jurisdiction over child custody dispute); *Rose v. Rose*, 481 U.S. 619, 625 (1987) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))). Accordingly, the case will be remanded to the Circuit Court for Oconto County. That court is advised that an order remanding a case to the State court from which it was removed under 28 U.S.C. § 1441 "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

This is the fourth time Krueger has sought to initiate a federal action concerning these proceedings. Krueger has filed three previous actions in the United States District Court for the Eastern District of Wisconsin alleging that various defendants, including the Oconto County Family Court Commissioner, the Attorney General of the State of Wisconsin, the Oconto County Clerk of Court, an Oconto County Veterans Service Officer, an Oconto County Deputy Sheriff, the Chairman of the Oconto County Board, the mother of the two children whose paternity is at issue, and her attorney, violated his rights under the Americans with Disabilities Act (ADA) by preventing an ADA advocate from representing him at a custody hearing and that he has been prevented from being with his children. *See Krueger v. State of Wisconsin*, Case No. 19-C-1148; *Krueger v. Kaul*, Case No. 19-C-1470; *Krueger v. Stage*, Case No. 19-C-1670. This court

promptly and summarily dismissed each of Krueger's cases for lack of jurisdiction and/or failure to state a claim, citing *Dawaji*; *Rose*; *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994) ("Under the *Rooker–Feldman* doctrine, the lower federal courts lack jurisdiction to engage in appellate review of state-court determinations.") (internal quotations omitted), among other cases. Krueger has apparently appealed each of those decisions, and those appeals remain pending. The court warned Krueger that he may be subject to sanctions if he files any further frivolous lawsuits.

Rule 11 allows district courts to impose sanctions on lawyers or parties (or both) "for submissions that are filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004) (citation omitted). A party's *pro se* status does not excuse violations of Rule 11, and the court may impose sanctions upon the *pro se* litigant. *Perry v. Barnard*, 911 F.2d 736 (7th Cir. 1990). "Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995). District courts enjoy "broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11." *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Krueger's conduct in his previous cases is part of a pattern of abusive and duplicative litigation. I therefore conclude that the imposition of sanctions is appropriate.

Under Federal Rule of Civil Procedure 11(c)(4), a sanction "may include nonmonetary directives; an order to pay a penalty into court." Krueger has not paid the $400.00 filing fee in this action. An appropriate sanction in this case is a monetary penalty of $400.00 to be paid by

3

Krueger to the Clerk of Court, together with a ban on new filings by Krueger in this court until the penalty is paid.  In arriving at the amount of the penalty in this case, the court has considered Krueger's ability to pay the fine as well as Krueger's conduct.  The court notes that Krueger has been allowed to proceed *in forma pauperis* in other cases.  However, in light of Krueger's abuse of the judicial process, a monetary penalty in this case will deter any repetition of his conduct in the future.

The court may also issue an injunction imposing pre-filing restrictions on a vexatious litigant.  *See, e.g.*, *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010).  Given Krueger's conduct, Krueger is barred from filing any new actions in this District until he pays the $400 sanction to the Clerk of Courts.  *See Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996).  This restriction has no impact on currently pending actions before other judges in this district.  Krueger may submit to this court, no earlier than two years from the date of this Order, a motion to modify or rescind the Order.  *Id.*

**IT IS THEREFORE ORDERED** that this case is **REMANDED** back to the Circuit Court for Oconto County for further proceedings.  The Clerk is directed to transmit a certified copy of this Order to the clerk of the state court, and thereafter close this case.

**IT IS FURTHER ORDERED** that Krueger must pay a $400 fine to the Clerk of Court.  The Clerk of Court **MUST NOT** accept any new papers to file new actions from Krueger until the $400 fine is paid.  No earlier than two years from the date of this Order, Krueger may submit to this court a motion to modify or rescind the Order.

Dated at Green Bay, Wisconsin this 16th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court